```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

LENELDON GALLOWAY                                      PLAINTIFF

VS.                                CIVIL ACTION NO. 3:05CV601LS

STINGER WELLHEAD PROTECTION, INC.                      DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on the motion of defendant Stinger Wellhead Protection, Inc. (Stinger) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Leneldon Galloway has responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that Stinger's motion should be granted.

Galloway filed this action seeking to recover damages for injuries he sustained while working at a well site, allegedly under the direction and control of Stinger. In its motion, Stinger contends that the undisputed material facts show that Galloway cannot establish essential elements of his claim and therefore do not support the imposition of liability against Stinger for Galloway's accident and resulting injuries. It also contends, however, that the court ought not even consider whether Galloway could establish a triable claim against Stinger but should instead hold that Galloway is judicially estopped from

pursuing his claim in any event as a consequence of his having failed to disclose and/or concealed his claim herein from the bankruptcy court in his pending bankruptcy case. The court agrees and finds that the case should be dismissed.

"Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation." In re Superior Crewboats, Inc., 374 F.3d 330, 334 (5th Cir. 2004) (citing Brandon v. Interfirst Corp., 858 F.2d 266, 268 (5th Cir. 1988). "'The purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest.'" Id. (quoting In re Coastal Plains, 179 F.3d 197, 205 (5th Cir. 1999). "[B]ecause judicial estoppel is designed to protect the judicial system, not the litigants, detrimental reliance by the party opponent is not required." Id.

"A court should apply judicial estoppel if (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently." Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005). The Fifth Circuit has not hesitated to apply judicial estoppel to foreclose a party from pursuing a cause of action where the party, a debtor in bankruptcy, has concealed his claim from the

bankruptcy court, and that court indeed has written that "[j]udicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." Kamont v. West, 83 Fed. Appx. 1, *3, 2003 WL 22477703, **2 (5th Cir. 2003).

Turning to the case at bar, Galloway's accident that is the subject of this litigation occurred on September 17, 2004.  He filed a Chapter 13 bankruptcy petition less than a month later, on October 17, 2004, and his plan was confirmed by the bankruptcy court in January 2005.  The present lawsuit was filed October 5, 2005.  At no time did Galloway amend his bankruptcy schedules to identify this cause of action as an asset, and in fact, in February 2006, when Galloway amended two of the schedules accompanying his original declaration, he did not amend his schedule of assets to include this cause of action and affirmed the accuracy of his existing schedule of assets, under penalty of perjury.

By representing to the bankruptcy court that he had no assets other than those listed in his bankruptcy schedules and then pursuing this cause of action, Galloway has unquestionably taken inconsistent positions.  In Superior Crewboats, the court concluded that debtors' commencement and pursuit of a personal injury lawsuit subsequent to the initiation of their bankruptcy

3

proceeding, was "clearly inconsistent" with their bankruptcy case, in which they failed to disclose their cause of action. Emphasizing the continuing nature of a debtor's duty of disclosure, the court stated,

> "It goes without saying that the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims." Coastal Plains, 179 F.3d at 207-08 (emphasis in original). The duty to disclose is continuous. Id. Thus, under Coastal Plains, the Hudspeaths' omission of the personal injury claim from their mandatory bankruptcy filings is tantamount to a representation that no such claim existed. Id. at 210. Now, however, the Hudspeaths contend, before the state court and in the limitation proceeding, that the personal injury claim is viable and worth $2.5 million. Such blatant inconsistency readily satisfies the first prong of the judicial estoppel inquiry.

Superior Crewboats, 374 F.3d at 335. See also Jethroe, 412 F.3d at 600 (reiterating that "[t]he obligation to disclose pending and unliquidated claims in bankruptcy proceedings is an ongoing one").

The second prong of the inquiry is also satisfied. Galloway's plan of confirmation was initially approved, and was not thereafter amended, based on the bankruptcy court's impression of Galloway's assets as drawn from his bankruptcy schedules. Adoption or acceptance of a party's position "does not require a formal judgment; rather, it only requires 'that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition.'" Superior Crewboats, 374 F.3d at 335 (quoting Coastal Plains, 179 F.3d at

4

206)); see also Jethroe, 412 F.3d at 600 (second prong satisfied because bankruptcy court "certainly confirmed [the debtor's] plan at least in part based on its assessment of her assets and liabilities").

Finally, there is no basis for concluding that Galloway's failure to disclose this litigation to the bankruptcy court was inadvertent. Indeed, in response to Stinger's motion, Galloway makes no attempt whatsoever to explain or excuse his blatant omission in this regard. Instead, he simply argues that because his bankruptcy petition was recently dismissed by the bankruptcy court on April 6, 2006 (on account of his failure to make payments prescribed by his bankruptcy plan), "defendant's contention that plaintiff's bankruptcy is a bar to his claim is no longer a viable argument." According to Galloway, his attorney filed a motion on April 13, 2006 to reinstate the bankruptcy, and he declares that if the bankruptcy court decides to reinstate the bankruptcy, he intends to list this matter on his schedule B.[1]

Contrary to Galloway's apparent view, Stinger's claim that Galloway should be held judicially estopped from pursuing this

---

[1] Stinger was apparently unaware of the order dismissing Galloway's bankruptcy when it filed its motion on April 10. A review of the bankruptcy court's records reflects that Galloway's motion to reinstate was granted on May 11. It is unknown whether Galloway disclosed this lawsuit when the case was reinstated. The court notes further, though, that Galloway's bankruptcy case was again dismissed for nonpayment by order of the bankruptcy court dated June 30.

5

lawsuit is not moot or meritless merely because his bankruptcy case was involuntarily dismissed.  It would make little sense, and would certainly not serve the purpose of judicial estoppel, i.e., "protect[ing] the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest," In re Coastal Plains, 179 F.3d at 205, to relieve a party of the consequences of his misrepresentation to the courts simply because he also failed to fulfill his payment obligations under his bankruptcy plan.

For the foregoing reasons, the court concludes that Galloway should be judicially estopped from pursuing his claims herein and that the case should therefore be dismissed.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 10th day of July, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE